# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DEWAYNE BOSLEY,<br><br>            Plaintiff,<br><br>      v.<br><br>CDCR,<br><br>            Defendant. | Case No.  1:15-cv-001458-SAB-PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>THIRTY-DAY DEADLINE |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1] Currently before the Court is Plaintiff's complaint, filed September 25, 2015.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on  October 23, 2015.  (ECF No. 5.)

1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)(citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at CCI Tehachapi, brings this civil rights action against the CDCR.

Plaintiff alleges that during his time at Avenal, Pleasant Valley, and Wasco State Prisons, he contracted valley fever. Plaintiff alleges that as an African American, he is a member of a class of individuals who are highly susceptible to valley fever. Plaintiff alleges that at some point, he contracted valley fever. Plaintiff alleges that correctional officials were aware that several of the prisons in California were in areas of the state known to correctional officials to be endemic to valley fever.

## III.

## DISCUSSION

A.  **Eighth Amendment**

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051. 1057 (9th Cir. 2004)(quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002)(citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Courts have yet to find that exposure to valley fever spores presents an excessive risk to inmate health.

1.  Conditions of Confinement

Plaintiff alleges that the defendants were aware that he was at a risk of contracting valley fever due to his race and housed him at Pleasant Valley where he contracted the disease. The courts of this district have found that allegations such as those presented by Plaintiff are insufficient.

"[T]o the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was confined in a location where valley fever spores existed which caused him to contract valley fever, he is advised that no courts have held that exposure to valley fever spores presents an excessive risk to inmate health." King v. Avenal State Prison, 2009 WL 546212, 4 (E.D. Cal. Mar. 4, 2009); see also Tholmer v. Yates, 2009 WL 174162, 3 (E.D. Cal. Jan. 26, 2009)("To the extent Plaintiff seeks to raise an Eighth Amendment challenge to the general conditions of confinement at PVSP, Plaintiff fails to come forward with evidence that [the Warden] is responsible for the conditions of which Plaintiff complains.") More recently, in addressing a claim that CDCR officials are responsible for the contraction of valley fever by knowingly housing an African American inmate with a history of asthma in an endemic area, it

3

1 has been held that "unless there is something about a prisoner's conditions of confinement that raises the risk of exposure substantially above the risk experienced by the surrounding communities, it cannot be reasoned that the prisoner is involuntarily exposed to a risk that society would not tolerate." Hines v. Yousseff, 2015 WL 164215, *5 (E.D. Cal. Jan. 13, 2015). Plaintiff cannot state a claim for relief based on mere exposure to valley fever.

    2.    Medical Care

To the extent that Plaintiff is attempting to allege that he was not provided appropriate medical care and treatment, he is advised that where a prisoner's Eighth Amendment claim is one of inadequate medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104).

If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to the serious medical need with deliberate indifference. Farmer, 511 U.S. at 834. "[T]he officials' conduct must constitute 'unnecessary and wanton infliction of pain' before it violates the Eighth Amendment." Hallett v. Morgan, 296 F.3d 732, 745 (2002)(quoting Estelle, 429 U.S. at 104). Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980)(citing Estelle, 429 U.S. at 105-106). See also Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires more than ordinary lack of due care for the prisoner's interest or safety." Farmer, 511 U.S. at 835.

In order to state any claim for relief due to deliberate indifference, Plaintiff must allege

facts indicating that each individual defendant was personally aware of a serious risk to his health or safety and acted with deliberate indifference to that risk.  An allegation that Plaintiff suffers from serious medical conditions, of itself, fails to state a claim for relief.

### 3. Individual Liability

The Civil Rights Act under which this action proceeds provides for liability for state actors that cause "the deprivation of any rights, privileges, or immunities secured by the Constitution."  42 U.S.C.§ 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants, and the deprivation alleged to have been suffered by the plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Plaintiff must name individual defendants, and allege facts indicating that each individual defendant knew of and disregarded a serious risk to Plaintiff's health.

### 4. Supervisory Liability

Should Plaintiff name correctional officials as defendants, he is advised that government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009).  Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions.  Id. at 673.  In other words, to state claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

### 5. Eleventh Amendment

The sole Defendant in this action is the CDCR.  "The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Though it language might suggest otherwise, the Eleventh Amendment has long been construed to extend to suits

1  brought against a state by both its own citizens, as well as by citizens of other states." Brooks v.
2  Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991); see also Seminole
3  Tribe of Florida v. Florida, 517 U.S. 44 (1996); Puerto Rico Aqueduct Sewer Authority v.
4  Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676,
5  677 (9th Cir. 1991).

6        The Eleventh Amendment bars suits against state agencies as well as those where the
7  state itself is named as a defendant.  Natural Resources Defense Council v. California
8  Department of Transportation, 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053;
9  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)(concluding that Nevada Department of
10  Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles
11  Community College District, 861 F.2d 198, 201 (9th Cir. 1989).   The CDCR, as an agency of
12  the state, is immune from suit.

### IV.

### CONCLUSION AND ORDER

15      For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may
16  be granted.  Plaintiff is granted leave to file an amended complaint within thirty (30) days.  Noll
17  v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this
18  suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605,
19  607 (7th Cir. 2007)(no "buckshot" complaints).

20      Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what
21  each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.
22  Iqbal, 556 U.S. 662, 678.  "The inquiry into causation must be individualized and focus on the
23  duties and responsibilities of each individual defendant whose acts or omissions are alleged to
24  have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).
25  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief
26  above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

27      Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana,
28  Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987),

and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed September 25, 2015, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim and to obey a court order.

IT IS SO ORDERED.

Dated:   **January 20, 2016**

_____
UNITED STATES MAGISTRATE JUDGE

7